UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHAUTAUQUA COMMERCE PARK, LLC,<br>ARK WHOLESALE, LLC**,**<br>            Plaintiff,<br>      v.<br>MAIN STREET AMERICA ASSURANCE<br>COMPANY,<br>            Defendant.<br>WNY FIRE PROTECTIONS, LLC,<br>            Respondent. | **DECISION**<br>**and**<br>**ORDER**<br><br>**21-CV-316WMS(F)** |

_____

APPEARANCES:         Duke Holzman Photiadis & Gresens LLP
                     Attorneys for Plaintiffs
                     CHRISTOPHER M. BERLOTH,
                     KRISTINE N. CELESTE,
                     THOMAS D LYONS**,** of Counsel
                     701 Seneca Street, Suite 750
                     Buffalo, New York  14210

                     Rupp Baase Pfalzgraf Cunningham LLC
                     Attorneys for Defendant
                     HOUSTON G. ARMSTRONG,
                     MARCO CERCONE, of Counsel
                     1600 Liberty Building
                     424 Main Street
                     Buffalo, New York  14202

                     Respondent WNY Fire Protections, LLC
                     NO APPEARANCES


     This matter was referred to the undersigned for all non-dispositive pretrial

matters by Hon. William M. Skretny by order dated March 9, 2021 (Dkt. 8).[1]  The matter

---

[1] Motions to compel compliance with Rule 45 subpoenas are non-dispositive.  *See Klosin v. E.I. Du Pont De Nemours and Company*, 2022 WL 2965617, at * 1 n. 1 (W.D.N.Y. July 27, 2022) (noting "motions to compel compliance with a subpoena or discovery demands are non-dispositive in nature" (citing cases)).

involves a Rule 45 subpoena for records issued by Defendant pertaining to Respondent WNY Fire Protections, LLC's ("WNY Fire") inspection and repairs at 196 Newton Street, Fredonia, New York, property owned by Plaintiffs ("the property") in connection with water damage to the property caused by a freeze on February 1, 2019 ("the subpoena").  Dkt. 40-1 ¶ 9.  The Fourth Amended Scheduling Order requiring discovery be completed by August 15, 2022, has been stayed pending the outcome of Defendant's motion (Dkt. 48).  Specifically, Plaintiffs allege that Defendant has failed to pay Plaintiffs' claims for water loss to the property in the amount of approximately $302,000, Compl. ¶¶ 26, 28; Defendant has made payments to Plaintiffs of $131,869.46 in covered losses.  Compl. ¶ 31.  Defendant asserts that it has denied coverage based on its belief that there were multiple and separate causes for Plaintiffs' losses, Dkt. 40-1 ¶ 10, thus making the records sought by the subpoena relevant to Defendant's defense.  According to Defendant, the records will include documentation relating to WNY Fire's extensive – 160 man hours – inspection and repair activities at the property.  Dkt. 40-2 ¶ 11.  *See also*, Dkt. 40-2 at 12, 14 (letters dated January 21, 2021 and March 15, 2019 from WNY Fire to Allan Steinberg at Ark Wholesale outlining services performed by WNY Fire in connection with its inspection and repair of the property).  Defendant avers it has made several unsuccessful attempts to obtain the records without resorting to issuing a subpoena.  Dkt. 40-1 ¶¶ 12-15 (documenting Defendant's several attempts to solicit WNY Fire's voluntary cooperation in providing the requested records).

The subpoena, dated June 14, 2022, Dkt. 40-2, was served on WNY Fire through the N.Y. State Secretary of State on June 21, 2022 (Dkt. 40-2 at 47) by service on one Lisa Knight, a representative of the United States Corporation Agent's, Inc., WNY Fire's

authorized agent for service, and required WNY Fire's compliance within 20 days of service.  *See* Dkt. 40-2 at 38.  WNY Fire maintains a required filing with the N.Y. Secretary of State Division of Corporations.  *See* Dkt. 40-2 at 44 (indicating WNY Fire's filing dated 12/20/2014).  Defendant also avers it has been unsuccessful in obtaining the requested records from Plaintiffs who informed Defendant they only received the January 21 and March 15, 2019 letters from WNY Fire.  Dkt. 40-1 ¶ 21.  Defendant's motion to compel WNY Fire's compliance with the subpoena was filed August 15, 2022 (Dkt. 40) and was served on Mr. George Ward, President of WNY Fire ("Ward") by certified mail for which delivery was signed for by Ward.  Dkt. 49-1 at 78.  By Text Order dated August 16, 2022 (Dkt. 41), the court set September 6, 2022 for WNY Fire's response to Defendant's motion.  The Text Order was served on WNY Fire at the same addresses provided by Defendants by 1st Class USPS mail, *see* Dkt. 40 at 2 (listing two addresses for WNY Fire, one to George Ward, President, at 435 Creekside Drive, Suite 100, East Amherst, New York, and at 7014 13th Avenue, Suite 202, Brooklyn, New York), and neither copy of the Text Orders was returned to the court as undeliverable.  Plaintiffs' response, filed September 6, 2022 (Dkt. 46), was limited to an objection to Defendant's request for a 90-day extension of all dates in the Fourth Amended Scheduling Order.  *See* Dkt. 46 ¶ 2.  However, in view of the court's stay, Dkt. 48, that request and Plaintiffs' opposition to it are moot.  To date, no response to either the subpoena or the instant motion has been received by the Defendant or the court from WNY Fire.

Pursuant to Fed.R.Civ.P. 45(d)(2)(A) ("Rule 45 __"), a person need not appear if the subpoena requires production of documents only.  Further, Rule 45(d)(2)(B)(ii)

3

authorizes the serving party to move to compel, pursuant to Fed.R.Civ.P. 37(A), *Thuman v. Dembski*, 2022 WL 454525, at * 1 (W.D.N.Y. Sept. 29, 2022) (citing cases) the commanded party's compliance.  Additionally, Rule 45(d)(3)(A) permits the commanded party, here WNY Fire, to object based on privilege or that production would be unduly burdensome.  It is well-established that a commanded party's failure to timely object to a subpoena, or to oppose a motion to compel compliance waives such objections and concedes the merits of the motion.  *See Thuman*, 2022 WL 4245252, at * 1 ("courts may find that the defaulting non-party concedes the merits of a motion to compel such non-party's compliance" with a Rule 45 subpoena (citing *Lennon v. Allegiance Accounting Services, LLC*, 2020 WL 13441772, at *1 (W.D.N.Y. Oct. 20, 2020))); *Erie County District Attorney's Office v. Gugino*, 2021 WL 4172876, at * 2 (W.D.N.Y. Sept. 12, 2021) ("Failure to serve objections to a Rule 45 subpoena within 14 days following service of the subpoena as required by Fed.R.Civ.P. 45(d)(2)(B), results in waiver of such objection." (citing Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2021 (Thomson Reuters) at 1062 (citing caselaw)). Here, despite Defendant's several unsuccessful efforts to obtain WNY Fire's voluntary cooperation in obtaining production of the records, admittedly relevant to the case, WNY Fire has, without explanation, failed to respond to Defendant's importunings, *see* Dkt. 40-1 ¶¶ 12-15, or the instant motion.  Accordingly, WNY Fire is in default of its Rule 45 obligations with respect to compliance with the subpoena and concedes the Defendant's motion's merits.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 40) is GRANTED. WNY Fire shall produce all records and documents requested by the subpoena within 30 days of this Decision and Order. The Clerk of Court shall serve copies of this Decision and Order on Respondent, WNY Fire Protections, LLC, at the two addresses for WNY Fire at which the motion and Text Order were previously served. *See*, *Infra*, at 3. WNY Fire is reminded that failure to comply with this Decision and Order may, pursuant to Rule 45(g), subject it to contempt of court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  October 27, 2022
          Buffalo, New York