UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHAUTAUQUA COMMERCE PARK, LLC, and ARK WHOLESALE, LLC, | CERTIFICATION OF CONTEMPT[1] |
| Plaintiffs, | ---------------------------- |
| v. | ORDER TO SHOW CAUSE |
| MAIN STREET AMERICA ASSUANCE COMPANY, | 21-CV-316-WMS-LGF |
| Defendant. | |

_____

WNY FIRE, LLC, GEORGE WARD, President,

                      Respondent.
_____

APPEARANCES:        DUKE HOLZMAN PHOTIADIS & GRESSENS LLP
                              Attorneys for Plaintiffs
                              CHRISTOPHER M. BERLOTH,
                              KRISTINE N. CELESTE, and
                              THOMAS D. LYONS, of Counsel
                              701 Seneca Street
                              Suite 750
                              Bufalo, New York  14210

                              RUPP PFALZGRAF LLC
                              Attorneys for Defendant
                              HOUSTON GRAY ARMSTRONG,
                              MARCO CERCONE,
                              MATTHEW FRANK WITHIAM-LEITCH, and
                              ROBERT JOHN McDONALD, of Counsel
                              1600 Liberty Building
                              424 Main Street
                              Buffalo, New York  14202

---

[1] A magistrate judge may certify that the facts establish a civil contempt and recommend sanctions but may not issue an order of contempt which is committed to the discretion of the district judge.  *See Church v. Steller*, 35 F.Supp.2d 215, 217 (N.D.N.Y. 1999) (citing *Litton Sys. Inv. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983), *cert. denied*, 464 U.S. 1073 (1984)).

**JURISDICTION**

On March 9, 2021, the Honorable William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), referred this case to the undersigned for all non-dispositive pretrial matters. (Dkt. 8). It is presently before the court on Defendant's motion for contempt pursuant to Fed.R.Civ.P. 45(g) against Respondent nonparty WNY Fire, LLC, George Ward, President, filed January 4, 2023 (Dkt. 52).

**BACKGROUND and FACTS**[2]

This action was commenced in New York State Supreme Court, Chautauqua County, by complaint filed January 26, 2021. Defendant, a Florida corporation, removed, based on diversity, the action to this court on February 26, 2021. Plaintiffs, both New York State corporations, allege Defendant is in breach of a property damage insurance policy for damage to Plaintiffs' property, a commercial warehouse located at 196 Newton Street, Fredonia, New York, resulting from burst water pipes in Plaintiffs' building which became frozen on February 1, 2019, for which Defendant has denied coverage. Defendant's answer was filed on March 5, 2021.

Plaintiffs allege two causes of action against Defendant, the first for $ 111,908.40 in expenses Plaintiff incurred as a result of Defendant's wrongful refusal to promptly pay Plaintiffs insurance benefits due Plaintiffs under the policy, and a second cause of action for breach of the insurance contract for $ 190,810.78 in lost inventory resulting from the water damage to Plaintiffs' personal property. Following the February 1, 2019 water damage to Plaintiffs' property, Plaintiffs retained WNY Fire, LLC, a licensed

---

[2] Taken from the pleadings and papers filed in this action.

2

provider of fire investigation services ("WNY Fire"), whose president was George Ward ("Ward"), who inspected the premises and provided a report concerning the cause of the water damage Plaintiffs' building. (Dkt. 25-3 at 8-9). An associate of WNY Fire, Jon DeYoung ("DeYoung"), also provided inspection and repair services to Plaintiffs. (Dkt. 40-2 at 14-15). WNY Fire's services included inspection and repairs totaling over 160 man hours which were described in two letters sent by DeYoung and Ward on March 15, 2019 and January 21, 2021, respectively. In April 2022, Defendant's attorney contacted Ward and requested information and documents relating to the inspection WNY Fire conducted on the Plaintiffs' property in connection with the water damage to Plaintiffs' building. Dkt. 40-1 ¶¶ 11-12. According to Plaintiffs, Ward acknowledged WNY Fire possessed records in connection with its inspection and repairs to Plaintiffs' building and that he would arrange for DeYoung to provide the information sought by Defendant as DeYoung had actually performed the inspection and repairs to Plaintiffs' property on behalf of WNY Fire. Dkt. 40-1 ¶¶ 12, 22.

After multiple attempts during May 2022 to obtain the requested information from Ward and DeYoung, Defendant attempted to serve WNY Fire with a subpoena *duces tecum* pursuant to N.Y. C.P.L.R. 2305 for copies of all information, particularly documents and files in its possession, custody, or control, relating to WNY Fire's inspection services, repairs, and all work performed by WNY Fire for the water damage Plaintiffs incurred at 196 Newton Street, Fredonia, on February 1, 2019. Dkt. 40-2 at 38-40. Following two unsuccessful attempts to serve the subpoena on WNY Fire at the addresses provided by WNY Fire, Defendant eventually succeeded in serving a subpoena ("the June 14, 2022 Subpoena" or "Defendant's Subpoena") on WNY Fire

3

through the New York Secretary of State as the authorized agent for service.  Dkt. 40-1 ¶ 19.  Since being served on June 21, 2022, WNY Fire has not objected to the June 14, 2022 Subpoena as permitted by Fed.R.Civ.P. 45(d)(3)(A) based on privilege or undue burdensomeness.  Dkt. 40-1 ¶ 20.  Thereafter, by papers filed August 15, 2022, Defendant moved pursuant to Fed.R.Civ.P. 45(d)(2)(B)(ii) for an order compelling WNY Fire to comply with the June 14, 2022 Subpoena (Dkt. 40) ("Defendant's Motion to Compel" or "Defendant's Motion").  Copies of Defendant's Motion to Compel were served on WNY Fire by USPS certified mail addressed to George Ward, President, WNY Fire, P.O. Box 178 Tonawanda, New York  14151, and George Ward, President, WNY Fire, 435 Creekside Drive, Suite 100, East Amherst, New York 14228.  Dkt. 49-1.  On August 18, 2022, according to the USPS records, a copy of the Defendant's Motion to Compel was received by Ward on August 18, 2022.  Dkt. 49-1.  In support of Defendant's Motion, Defendant avers that the documents requested by the June 14, 2022 Subpoena are relevant to Defendant's defense that Plaintiffs' building experienced several water damage-related losses throughout 2019 and 2020 supporting that Plaintiff are not entitled to coverage for the loss allegedly suffered on February 1, 2022, presumably based on Plaintiffs' late notice regarding such losses.  See Dkt. 40-1 ¶ 10.

      Following the filing of Defendant's Motion to Compel, pursuant to Fed.R.Civ.P. 45(g) ("Rule 45(d)"), Dkt. 40 at 2, the court issued a scheduling order ("Text Order"), requiring WNY Fire's response to Defendant's Motion to Compel no later than September 6, 2022 and that a copy of the Text Order be mailed to WNY Fire at the two addresses for WNY Fire provided in the Defendant's motion papers.  Dkt. 41.  On October 27, 2022, the court granted Defendant's Motion to Compel and directed WNY

Fire to comply with the June 14, 2022 Subpoena within 30 days.  October 27, 2022 Decision and Order, Dkt. 50 ("the D&O"), at 5.  The D&O also directed the D&O be served by the Clerk of Court on WNY Fire at the two addresses provided in Defendant's Motion to Compel.  See D&O at 5.  The D&O specifically advised WNY Fire that its failure to comply with the June 14, 2022 Subpoena could result in WNY Fire being held in contempt of court pursuant to Rule 45(g).  D&O at 5.  In the D&O, the undersigned noted that the two copies of the Text Orders (scheduling orders) for the Defendant's Motion which were ordered to be served on WNY Fire at the two addresses provided in Defendant's Motion were not returned to the court by the USPS as undeliverable.  See D&O at 3.  A copy of the D&O was also served on WNY Fire by the Clerk of Court by the USPS as directed by the D&O and was not returned to the court as undeliverable.

Thereafter, on January 4, 2023, Defendant filed the instant motion, pursuant to Rule 45(g) and Fed.R.Civ.P. 37(a), seeking an order holding WNY Fire in contempt on the ground that since the due date of November 27, 2022 for WNY Fire's compliance with the June 14, 2022 Subpoena as ordered by the D&O, Defendant had received no response from WNY Fire.  Dkt. 52 ("Defendant's Motion").  Dkt. 52-1 ¶ 9.  Defendant's Motion was served by the USPS on WNY Fire at P.O. Box 178, Tonawanda, New York 14151, 435 Creekside Drive, Suite 100, East Amherst, New York  14228, and C/O United States Corporation Agents, Inc., 7014 13th Avenue, Suite 202, Brooklyn, New York  11228.  See Dkt. 52 at 2.  Based on the foregoing sequence of events, Defendant requested the court find WNY Fire in contempt pursuant to Rule 45(g).  Dkt. 52-1 ¶ 12.  On February 29, 2023, DeYoung called the court leaving a message to the effect that he had been requested by Plaintiffs to contact Defendant's attorney, Marco Cercone,

5

Esq., but he had been unable to speak with Mr. Cercone. The substance of this call was subsequently provided to Defendant's attorney by the court's judicial assistant. By letter received by the court on May 2, 2023 (Dkt. 56), from Plaintiffs' counsel, Plaintiff's counsel advised that Plaintiffs' and Defendant's counsel were in communication with DeYoung, that DeYoung had indicated that he may have documents responsive to Defendant's subpoena, and that counsel were attempting to obtain such documents from DeYoung thereby mooting Defendant's Motion. Dkt. 56 at 1. Based on these representations, the parties jointly requested the court hold the Defendant's motion in abeyance and would provide the court with a report regarding such efforts to obtain the information at issue from DeYoung.

Thereafter, by letter served June 15, 2023 (Dkt. 59) counsel for Defendant advised the court that DeYoung had compiled responsive documents but was awaiting a few reports from Ward, *id*. at 1, and expected "the subpoena issue to be resolved within the next month." *Id*. Accordingly, the parties jointly requested the court continue to hold in abeyance the decision on Defendant's motion. *Id*. Subsequently, in response to the court's request on July 20, 2023 for an update on the matter, Dkt. 61, by letter received August 2, 2023 (Dkt. 62), Defendant's counsel informed the court that counsels' efforts to obtain the necessary records from DeYoung were unsuccessful and, accordingly, requested the court proceed to adjudicate Defendant's motion. *Id*. at 2.

**DISCUSSION**

A request for contempt pursuant to Rule 45(g)[3] requires the moving party establish by clear and convincing evidence that (1) the subpoena set forth an unambiguous command, (2) the alleged contemnor violated that command, (3) the violation was significant, *i.e.*, the alleged contemnor did not substantially comply with the subpoena, and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. See Steven Baicker-McKee & William M. Janssen, FEDERAL RULES HANDBOOK 1067 (Thompson-Reuters 2023) (citing caselaw). See also *S.E.C. v. Durante*, 641 Fed.Appx. 73, 76 (2d Cir. 2016) ("A party may be held in civil contempt of a court order if (1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir.2004)). Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) ("§ 636(e)(6)(B)(iii)"), when analyzing a civil contempt before a magistrate judge exercising authority granted by a district judge under 28 U.S.C. § 636(a) or (b), the magistrate judge is required to certify the facts concerning such putative contempt to a district judge. Here, Judge Skretny's referral order to the undersigned was pursuant to § 636(b)(1)(A). See Dkt. 8. The statute also provides that the magistrate judge may serve the alleged contemnor with an order to show cause before the district judge why the person should not be held in contempt. *Id*. Upon

---

[3] Although Defendant referred to the Defendant's Subpoena as being issued pursuant to N.Y. C.P.L.R. 2305, *see* Dkt. 40-2 at 38, because this matter is in federal court based on diversity jurisdiction, the court construes the subpoena as having been made pursuant to Fed. R. Civ. P. 45. *See Ann L. v. X. Corp.*, 133 F.R.D. 433, 435 (W.D.N.Y. 1990) (observing that in a diversity action, discovery, including the use of subpoenas, is governed by the Federal Rules of Civil Procedure, rendering the New York Civil Practice Law and Rules inapplicable). Such apparent inadvertent discrepancy does not, however, vitiate the effectiveness of Defendant's Subpoena.

7

receiving the magistrate judge's certification, the district judge should then determine whether the evidence supports finding the person to be in contempt so as to warrant punishment and, if so, punish said person in the same manner and to the same extent as for a contempt committed before a district judge.  *Id*.  Additionally, where the contemnor is a corporation, it is within the court's discretion to hold an officer of the corporate contemnor, such as the president, responsible for the sanctionable conduct of the corporate contemnor.  *See CBS Broadcasting Inv. v. FilmOn.com, Inc*., 814 F.3d 91, 100 (2d Cir. 2016) (affirming district court's holding defendant company's president, who was sued as a defendant, in contempt for failing to comply with court order because "[a] command to a company is in 'effect a command to those who are officially responsible for the conduct of its affairs.'" (quoting *N.L.R.B. v. Hopwood Retinning Co*., 104 F.2d 302, 305 (2d Cir. 1939) (corporate president held in civil contempt for his company's non-compliance with court order where "the ultimate responsibility for this unfortunate . . . situation is largely, if not solely, his)).

      Here, the evidence of WNY Fire's contempt clearly and convincingly demonstrates that Defendant's June 14, 2022 Subpoena unambiguously set forth a command to provide documents relating to WNY Fire's inspection and repairs at Plaintiffs' property, the alleged contemnor, WNY Fire, violated that command, the violation was significant in that WNY Fire failed to undertake any effort to comply with Defendant's Subpoena, and, in the same way, WNY Fire failed to make a reasonable and diligent effort to comply.  In particular, the subpoena required WNY Fire produce, by mail or personal delivery, at Defendant's law firm "'copies of any and all files and documents – papers, electronics, or otherwise – in your possession, custody, or control

that are in any way related to the [water] loss that occurred at 196 Newton Street, Fredonia, New York 14063, on February 1, 2019 and any and all files and documents . . . regarding the appraisal, review, estimate, repair, service, and/or any other work that you performed, work you directed to be performed, and/or work that you oversaw at the above-mentioned property." Dkt. 40-2 at 39, 41. The subpoena also requested copies of any and all inspection and maintenance records and reports concerning the water damage relating to the February 1, 2019 loss at the Plaintiffs' property. *Id*. Such records are relevant to Defendant's defense of this action. *See* Background and Facts, *supra*, at 4.

As is evident from the record of this issue, described above, *see* Background and Facts, *supra*, at 3-6, WNY Fire has flagrantly and inexplicably failed to comply with the subpoena. Specifically, Ward failed, despite being served, to respond to both Defendant's Subpoena, Defendant's Motion to Compel, as well as the D&O. *See* Background and Facts, *supra*, at 3-6. Further, the record also demonstrates WNY Fire's failure to comply was significant in that WNY Fire failed to make any effort to respond to Defendant's several requests during May 2022 to voluntarily comply with Defendant's written requests for production of documents relevant to the underlying action, and, as well, made no effort to communicate with Defendant's attorney regarding the Defendant's Subpoena. That DeYoung, at Plaintiffs' request, may have attempted to obviate the need to enforce Defendant's Subpoena does not excuse WNY Fire's complete failure to respond to Defendant's Subpoena. As such, the record provides clear and convincing evidence to support finding WNY Fire guilty of civil contempt warranting punishment in accordance with § 636(e)(6)(B)(iii). When confronted with

similar refusals of a non-party to respond to a validly issued Rule 45 subpoena, courts have found such non-parties in contempt.  See *PaineWebber Inv. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (finding non-party who failed either to object or to respond to validly-issued subpoena in civil contempt and imposing sanctions).77

## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 52), should be GRANTED. WNY Fire, LLC, President George Ward, is hereby directed to show cause before District Judge William M. Skretny on November 1, 2023, at 11:30 A.M. in the Buffalo Courtroom at the U.S. District Court for the Western District of New York, 2 Niagara Square, Buffalo, New York, regarding why said WNY Fire, LLC should not be held in contempt in accordance with law.

As to non-party respondent WNY Fire, LLC, George Ward as President, the U.S. Marshal is hereby directed to serve George Ward, President of WNY Fire, LLC with a copy of this Certification of Contempt and Order to Show Cause.

SO ORDERED as to the Order to
  Show Cause.

/s/ *Leslie G. Foschio*
_____
     LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
     LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Service of this Certification of Contempt and Order to Show Cause shall be personally served by the U.S. Marshal Service on George Ward as President of WNY Fire, LLC.  *See FirstStorm Partners 2, LLC v. Vassel*, 2013 WL 654396, at * 14 (E.D.N.Y. Feb. 21, 2013) (acknowledging it is proper to direct U.S. Marshal to serve an order to show cause).

DATED:  October 6, 2023
        Buffalo, New York